UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROLYN H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:19-CV-2102-DWC <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err when he discounted Dr. David Cline's opinions and Plaintiff's testimony and did not err in forming Plaintiff's residual functional capacity ("RFC"). Accordingly, for

reasons contained herein, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

On December 21, 2016, Plaintiff filed an application for DIB, and on March 27, 2017, filed an application for SSI. *See* Dkt. 18, Administrative Record ("AR") 15. In both applications, Plaintiff alleges disability as of July 1, 2015. *See* AR 15. The applications were denied upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ Tom L. Morris on August 16, 2018. *See* AR 15. In a decision dated December 27, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 31-32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 12; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) considering the medical opinion evidence; (2) evaluating Plaintiff's testimony; and (3) basing his step five finding on an improperly formed RFC. Dkt. 20. As a result of these alleged errors, Plaintiff requests remand for an award of benefits. *Id*.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.[1] *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

[1] The Court notes the Social Security Administration amended its regulations governing medical opinions for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5852-5857 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Here, the parties cite to the rules and legal standard applicable to claims filed prior to March 27, 2017, despite

## DISCUSSION

**I.      Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff asserts the ALJ improperly discounted Dr. Cline's opinions and also lists various medical records which she argues the ALJ failed to properly evaluate. Dkt. 20, pp. 3-9.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.   Dr. Cline

Dr. Cline, Plaintiff's principal care provider, completed medical source statements indicating Plaintiff had several debilitating mental and physical limitations and also provided an assessment plan with lab and exam results. *See* AR 381-386, 387-392, 394-396, 399-401, 409-411, 805. For example, Dr. Cline diagnosed Plaintiff with chronic pain, myocardial infarction, anxiety, bipolar disorder, hypertension, and pulmonary embolism. AR 381, 409. He

---

Plaintiff's application for SSI being on March 27, 2017. *See* Dkts. 20, 21, 22. Thus, the Court will defer to the parties' assessment and apply the rules and legal standard applicable to claims filed prior to March 27, 2017.

opined Plaintiff would rarely be able to maintain attention and concentration required to perform simple work tasks during a typical workday. AR 382. He found Plaintiff would have no useful ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. AR 383. Dr. Cline indicated Plaintiff can occasionally lift and carry less than 10 pounds, can rarely lift and carry 10 pounds, and can never lift more than 20 pounds. AR 385. Dr. Cline opined to numerous other limitations and stated he believed Plaintiff "is currently unable to participate in any productive job search or vocational program" due to her limitations. *See generally* 381-386, 394-396, 399-401, 409-411; AR 805.

The ALJ discussed Dr. Cline's opinions and gave them little weight, for four reasons: (1) Dr. Cline provided little evidence of objective findings which support his opinions; (2) he relied heavily on Plaintiff's subjective reports; (3) they are not consistent with the objective evidence of record; and (4) they are inconsistent with Plaintiff's activities of daily living. AR 28-29.

The Court finds the ALJ's third reason for discounting Dr. Cline's opinions, that they are not consistent with the objective evidence of record, is specific and legitimate and supported by substantial evidence. An ALJ may properly reject a physician's opinion which is inconsistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4) (the more consistent an opinion is with the record as a whole, the more weight it will be given); *see also Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 602-03 (9th Cir. 1999) (a medical report's inconsistency with the overall record constitutes a legitimate reason for discounting the opinion). The ALJ must provide his interpretations of the evidence and explain why those interpretations, rather than the physician's interpretations, are correct. *See Embrey,* 849 F.2d at 421.

In discounting Dr. Cline's opinions, the ALJ stated the opinions "are not consistent with the objective medical evidence or record as a whole" and referenced his discussion of their inconsistencies with the evidence of record elsewhere in his opinion.[2] *See* AR 29, referencing AR 24-26. There, the ALJ provided an extensive analysis regarding the inconsistencies between Dr. Cline's opinions and the record. For example, several instances in the record indicate Plaintiff's physical examinations revealed largely unremarkable findings, including normal heart activity, no musculoskeletal tenderness or deformities, and normal gait. AR 24, citing AR 421, 552, 616, 867, 924, 940. The ALJ noted in one instance, after being seen for multiple pain complaints, testing of Plaintiff indicated 5/5 motor strength in the bilateral upper and lower extremities, intact coordination, normal, steady gait, intact sensation throughout, and a normal range of motion, with no focal bony tenderness to palpation or deformity, and no edema. AR 25, citing AR 564. In more recent physical examinations, Plaintiff demonstrated normal, steady gait, had no complaints of migraines or back/neck pain, and had intact strength and sensation in both lower extremities. AR 25. citing AR 864, 922, 936, 940. These findings are inconsistent with Dr. Cline's opinions that Plaintiff was unable to walk or stand and had debilitating back pain. *See* AR 410, 394, 399.

Further, the record also indicates Plaintiff's mental health treatment records note symptom complaints and some mental status abnormalities, but do not indicate significant limitations. For example, during a November 2016 mental health assessment, Plaintiff was alert, fully oriented, had logical and linear thought form and fair insight and judgment despite

---

[2] The Court is "not deprived of our facilities for drawing specific and legitimate inferences from the ALJ's opinion… It is proper for us to reach the paragraph discussing [conflicting evidence] and draw inferences relevant to [the doctor's] findings and opinion, if those inferences are there to be drawn." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

mild impairments noted in memory, attention, and concentration. AR 526. Several progress notes indicate Plaintiff's speech was rapid at times and that Plaintiff had some impaired concentration/attention, but was alert and oriented, and demonstrated intact memory and logical thought form. *See* AR 665, 678, 685. These findings are further support within the record which support the ALJ's conclusion that Dr. Cline's opinion regarding the debilitating nature of Plaintiff's mental health limitations is not consistent with the record as a whole. *See* AR 381-386, 394-396, 399-401, 409-411, 805.

Accordingly, as the ALJ has sufficiently shown that Dr. Cline's opinions are inconsistent with the medical record, the ALJ's first reason for discounting Dr. Cline's opinions is specific and legitimate and supported by substantial evidence.

While the ALJ had additional reasons to discount Dr. Cline's opinions, the Court need not consider whether these reasons contained error, as any error would be harmless because the ALJ gave a legitimate reason to discount the opinions. *See* AR 29; *Presley-Carrillo v. Berryhill*, 692 F. Appx. 941, 944-945 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (noting that although an ALJ erred with regard to one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

B.   Other medical evidence

Plaintiff cites a lengthy list of medical findings in the record and asserts that these findings support Dr. Cline's opinions and Plaintiff's testimony. Dkt. 20, pp. 6-9. However, Plaintiff provides no analysis to link how any of the specific findings support either Dr. Cline's opinion or Plaintiff's testimony. Given this lack of specificity in Plaintiff's argument, Plaintiff has failed to demonstrate any harmful error regarding other medical evidence. *See Bailey v.*

*Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any errors"). By failing to explain how the ALJ erred with regard to each particular finding, Plaintiff failed to show how the ALJ's alleged mistreatment of this evidence was consequential to the RFC and the ultimate disability determination. The Court therefore rejects Plaintiff's conclusory argument. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation" to find error where the claimant failed to explain how the ALJ harmfully erred); *see also Carmickle*, 533 F.3d at 1161 (citation and internal quotation omitted) (the court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief").

**II.    Whether the ALJ provided clear, specific, and convincing reasons for discounting Plaintiff's symptom testimony**

Plaintiff asserts the ALJ improperly considered her testimony regarding her symptoms. Dkt. 20, pp. 10-14.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse an ALJ's decision to discount a claimant's testimony where that determination is based on contradictory or ambiguous evidence. *Id.* at 579.

1        Plaintiff testified she had a pulmonary embolism in March 2015 and a heart attack in
2 July 2015. AR 57-58. She testified that her chronic pain, myocardial infarction, the residual
3 effects of the heart attack, anxiety, bipolar disorder, substance abuse disorder, chronic low
4 back pain and sciatica, post laminectomy syndrome, fibromyalgia, migraine headaches, and
5 depressive disorder are the largest barriers to her being able to work. AR 60. Plaintiff placed
6 particular emphasis on the pain she feels from fibromyalgia and her anxiety as the impairments
7 that most interfere with her ability to work. AR 60, 63. She testified she uses a cane to walk
8 whenever she is outside of her home. AR 63. Plaintiff alleged many problems with personal
9 care, including inability to wear shoes "due to pain, burning, and numbness in feet." AR 319.
10 She stated she is able to cook meals twice a week and is also able to fold laundry one to two
11 times a week if someone brings it to her. AR 320. She said she is able to drive one to two times
12 a week but no more than a few miles, and can shop for groceries once a week. AR 321.
13 Plaintiff indicated she is unable to pay bills, count change, handle a savings account, or use a
14 checkbook/money orders. AR 347. Plaintiff further asserted difficulty with lifting, squatting,
15 bending, standing, reaching, walking, sitting, kneeling, stair climbing, memory, completing
16 tasks, concentration, understanding, following instructions, and getting along with others. AR
17 349.
18        The ALJ found Plaintiff's medically determinable impairments could reasonably be
19 expected to cause some of the alleged symptoms, but "[Plaintiff's] statements concerning the
20 intensity, persistence, and limiting effects of these symptoms are not entirely consistent with
21 the medical evidence and other evidence in the record…" AR 24. The ALJ provided three
22 reasons to discount Plaintiff's testimony for three reasons: (1) the medical record as a whole
23 does not support finding a more restrictive RFC; (2) "inconsistencies by [Plaintiff] undermine
24

the weight that can be given" to her testimony; and (3) her testimony is inconsistent with her activities of daily living. AR 24-27.

The Court finds the ALJ's second reason for discounting Plaintiff's testimony, "inconsistencies by Plaintiff undermine the weight that can be given" to her testimony, is specific, clear, and convincing. The ALJ noted that "while [Plaintiff] reported problems with severe migraines occurring about four to five times a week, she is taking no prescribed medications for her headaches, only over the counter pain relievers." AR 26. "The ALJ is permitted to consider lack of treatment in his credibility determination." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). In addition, a claimant's failure to assert a valid reason for not seeking treatment for a health condition "can cast doubt on the sincerity of the claimant's testimony." *Fair v Bowen,* 885 F.2d 597, 603 (9th Cir. 1989).

Here, Plaintiff testified that her migraines stop her from doing anything because she gets tunnel vision and has vision impairments. AR 71. When asked if she takes any medication for her migraines, she replied "[n]o, I just take regular over-the-counter Tylenol, Excedrin for migraine." AR 71. Yet, despite having supposedly debilitating migraines occur four or five times a week, there is no evidence Plaintiff sought treatment for such migraines. Further, Plaintiff did not provide any reason as to why she did not seek treatment for her migraines.

Moreover, the ALJ's analysis is supported by his first reason for discounting Plaintiff's testimony—that the testimony was not supported by the medical record as a whole. AR 24. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor" in an ALJ's consideration of a claimant's subjective symptom testimony. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ provided a lengthy discussion of the medical

evidence, providing in-depth analysis and citations to the record in support. *See* AR 24-27. For example, the ALJ cited to evidence of physical examinations indicating largely benign findings, including normal strength, range of motion, sensation, reflexes, gait, and coordination. *See* AR 421, 433, 444, 552, 564, 608, 616, 864, 924, 940. The ALJ also analyzed Plaintiff's history of mental health impairments and noted the record indicates providers typically found Plaintiff alert and oriented, with mild or no distress, with appropriate and/or normal mood and affect, normal judgment/insight, and intact memory. *See* AR 444, 506, 609, 623, 526, 552, 599, 616, 924. Thus, the ALJ has provided specific, clear, and convincing reasons to discount Plaintiff's subjective symptom testimony.

Although the ALJ provided an additional reason to discount Plaintiff's testimony, the Court need not assess whether this reason was proper, as any error would be harmless. *See Presley-Carrillo*, 692 Fed. Appx. at 944-945 (citing *Carmickle*, 533 F.3d at 1162). Accordingly, the ALJ did not err in discounting Plaintiff's testimony.

**III. Whether the ALJ erred at step five.**

Plaintiff asserts the ALJ improperly determined Plaintiff's RFC because it does not include all the limitations opined to by Dr. Cline and by Plaintiff herself and erred by basing his step five finding on his erroneous RFC assessment. Dkt. 20, pp. 14-15. The Court found the ALJ properly discounted Dr. Cline's opinions, as well as Plaintiff's testimony. *See* Sections I and II, *supra*. Accordingly, because the ALJ properly considered the medical evidence and Plaintiff's testimony and because Plaintiff made no other arguments regarding the ALJ's RFC formation or his finding at step five, the Court finds the ALJ's RFC finding was supported by substantial evidence and not erroneous.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 21st day of December, 2020.

David W. Christel
United States Magistrate Judge